# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 10-5059**             **September Term, 2015**

FILED ON: SEPTEMBER 29, 2015

JEREMY PINSON, ET AL.,
        APPELLANTS

v.

CHARLES E. SAMUELS, JR., ET AL.,
        APPELLEES

---

On Petition for Writ of Mandamus
(No. 1:10-cv-00092)

---

Before: GARLAND, *Chief Judge*, and HENDERSON and SRINIVASAN, *Circuit Judges*.

### J U D G M E N T

This petition for a writ of mandamus to vacate the District Court's transfer order was presented to the court, and briefed and argued by counsel. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated in the accompanying memorandum, it is

**ORDERED AND ADJUDGED** that the petition for a writ of mandamus be denied.

                                                **FOR THE COURT:**
                                                Mark J. Langer, Clerk

BY:        /s/
               Ken Meadows
               Deputy Clerk

**M E M O R A N D U M**

In January 2010, Jeremy Pinson sued several officials of the Federal Bureau of Prisons in the United States District Court for the District of Columbia. At the time, he was detained in a Special Management Unit (SMU) in FCI Talladega, Alabama. In his complaint, Pinson alleged that the conditions of confinement in the SMU violated his Eighth Amendment rights, and that the defendants violated his First Amendment rights by opening his prison mail. Pinson sought injunctive relief and damages for both claims.

The District Court concluded that venue in the District of Columbia was improper for all of Pinson's claims, and *sua sponte* transferred the entirety of the case to the Northern District of Alabama under 28 U.S.C. § 1406(a). Pinson sought mandamus relief in our court, requesting vacatur of the district court's transfer order. We initially denied Pinson's request for IFP status, *see Pinson v. Samuels*, 761 F.3d 1 (D.C. Cir. 2014), but Pinson then paid the full filing fees.

In the interim, Pinson was moved from FCI Talladega to other federal facilities. Currently, he is confined in the maximum security prison in Florence, Colorado, which does not contain an SMU. After learning that Pinson had been transferred from FCI Talladega to other facilities, we directed the parties to submit supplemental briefing addressing whether Pinson's claims for injunctive relief had become moot. We conclude that Pinson's Eighth Amendment claim for injunctive relief is not moot, but we nonetheless deny his mandamus petition.

I.

The government contends that Pinson's transfer to a facility that lacks an SMU moots his Eighth Amendment claim for injunctive relief because, "normally, a prisoner's transfer or release from prison moots any claim he might have for equitable relief arising out of his conditions of confinement in prison." *Scott v. District of Columbia*, 139 F.3d 940, 941 (D.C. Cir. 1998). That general rule does not apply in Pinson's case. Because the government voluntarily ceased the challenged conduct (incarceration of Pinson in an SMU), Pinson's transfer implicates mootness by voluntary cessation. In cases of voluntary cessation, "the [government] . . . carr[ies] the burden of demonstrating that discontinuance has mooted the case." 13C Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 3533.7 (3d ed. 2008). We have described that burden as a "heavy" one. *Doe v. Harris*, 696 F.2d 109, 112 (D.C. Cir. 1982). The case is not moot "unless the defendant can meet the high standard of showing there is no reasonable expectation that the wrongs will be repeated." 13C Wright & Miller, *supra* § 3533.7 n.3 (internal citation omitted).

The government does not meet that high burden here. Although Pinson's current Colorado facility does not have an SMU, Gov't Supp Br. at 5-6, he has apparently been transferred at least six times in eight years. Amicus Supp. Br. at 3. Given that Pinson (according to the BOP) has a "continued and progressive disruptive behavior and [a] propensity for violence," Amicus Supp. Br. at 23, and that SMUs were created to deal with those sorts of inmates, it is possible that Pinson might again be confined in an SMU at some point. At the least, the government has not provided information (or assurances) suggesting otherwise. *Cf. Doe v. Wooten*, 747 F.3d 1317, 1324 (11th Cir. 2014) (holding that claims were not moot when the BOP "has never said Mr. Doe will not be transferred back to a high-security facility");

*Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975) (transfer does not moot claims when "defendants were unable to advise that [plaintiff] would not be returned" to the original prison); *Withers v. Levine*, 615 F.2d 158, 160 (4th Cir. 1980) (noting that a case was not moot because the plaintiff "had been previously considered appropriate for minimum custody housing, [so] he may again be transferred [there]"). Pinson's Eighth Amendment claim for an injunction barring his transfer to an SMU therefore is not moot.

II.

Pinson filed a petition for a writ of mandamus seeking to set aside the district court's transfer of his case to the Northern District of Alabama. Mandamus has been described as an "extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. District Court for the District of Columbia*, 542 U.S. 367, 380 (2004) (internal quotation marks omitted). We decline to grant the extraordinary remedy of mandamus relief in this case.

The district court appears to have been operating under a misunderstanding of the governing legal standards when it ordered the transfer of Pinson's case to Alabama. The court transferred the case to the Northern District of Alabama under 28 U.S.C. § 1406(a). That statute requires transfer when the claim is brought in an improper venue. As the government conceded at oral argument, however, venue for Pinson's Eighth Amendment claim for injunctive relief would be proper in D.C. under 28 U.S.C. § 1391(e), which concerns venue in cases involving federal defendants. The district court thus erred in transferring Pinson's injunctive relief claim on the basis of § 1406(a), and might have also erred in transferring his claims under the First and Eighth Amendments for damages. *See Beattie v. United States*, 756 F.2d 91, 104 (D.C. Cir. 1984) (finding pendant venue "when one or more claims arising out of a common nucleus of operative facts do not [each individually] satisfy the requirements of the applicable venue statute").

The existence of a legal error, however, does not itself justify the extraordinary remedy of mandamus. *See In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 762 (D.C. Cir. 2014). We retain broad discretion to grant or deny the writ, and, "in the exercise of our discretion, must be satisfied that the writ is appropriate under the circumstances." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 729-30 (D.C. Cir. 2012). That "is a relatively broad and amorphous totality of the circumstances" inquiry, the "upshot" of which is that, "[e]ven in cases of clear district court error," the "circumstances may not always justify mandamus." *In re Kellogg Brown & Root*, 756 F.3d at 762. In the circumstances of this case, we conclude, granting mandamus would be inappropriate.

As an initial matter, the material uncertainty about whether (or when) the principal issue raised by Pinson might ever arise again counsels against the award of mandamus relief. He has been confined for several months in a federal facility in Florence, Colorado, that lacks an SMU. While his transfer to that facility may be insufficient to render his claim moot as a jurisdictional matter and while he might be transferred again to a facility that does contain an SMU, the absence of any present possibility of his transfer to an SMU, as well as the uncertainty about whether he will again be housed in an SMU, weighs in favor of withholding our discretionary power to grant the extraordinary remedy of mandamus.

Moreover, although the district court erred in concluding that it was required to transfer Pinson's case under § 1406(a), the court could have reached the same result as a discretionary matter under 28 U.S.C. § 1404(a).  Section 1404(a) authorizes district courts to order a discretionary transfer of venue "[f]or the convenience of parties and witnesses, in the interest of justice."  The consideration that the district court identified as critical for the transfer order—the fact that "none of the alleged events forming the basis of the complaint occurred in D.C.," J.A. 21—would have played a role in any § 1404(a) analysis.  *See Starnes v. MacGuire*, 512 F.2d 918 (D.C. Cir. 1973); *see also In Re Whitman*, 2001 WL 238171, *1 (D.C. Cir. 2001) (stating that such determinations are "accorded great deference").  In addition, the legal rights Pinson seeks to vindicate turn in substantial measure on the actions of prison officials in Alabama.  Both his First Amendment and Eighth Amendment claims challenge practices implemented at the Alabama facility in which he was previously confined—*i.e.*, the procedures by which mail was processed in Alabama and the criteria used to make SMU detention decisions there.  Much of the relevant evidence for such claims is likely to be found on site in Alabama.  Pinson's claims "raise[] and rel[y] upon an issue…related to his particular circumstances," *Starnes*, 512 F.2d at 929, supporting discretionary transfer of his case to Alabama under § 1404(a).

The existence of an alternative, legally sufficient route to the disputed outcome affords a basis for denying mandamus.  In *In re Peregoy*, 885 F.2d 349 (6th Cir. 1989), for instance, the Sixth Circuit declined to award mandamus relief setting aside a district court's transfer order under § 1406(a).  In doing so, the court explained that, "[i]n considering whether to affirm a district court, we are free" to do so "on the basis" of "not only the rationale on which the district court based its decision but also . . . any other issue fairly presented in the district court." *Id*. at 351-52.  The fact "that this matter also could have been properly transferred under . . . section 1404" weighed against granting the writ.  *Id*.; *see Doughty v. Underwriters at Llloyd's, London*, 6 F.3d 856, 866 (1st Cir. 1993) (holding that the "criteria" for mandamus relief are not "satisfied if the disputed disposition, albeit premised on a doubtful ground, is nevertheless probably sustainable on an alternative ground") (internal citation omitted).  Here, similarly, the district court could have correctly reached the same result another way—by ordering a discretionary transfer of Pinson's case under § 1404(a) rather than a mandatory transfer under § 1406(a).

For those reasons, we deny Pinson's petition for a writ of mandamus to vacate the district court's transfer of his case to the Northern District of Alabama.